734 A.2d 386

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Joseph Damien SCAVELLO, Appellee.**

Supreme Court of Pennsylvania.

Argued April 27, 1999.

Decided July 2, 1999.

---

430

Michael D. Marino, Dist. Atty., Patricia E. Coonahan, Asst. Dist. Atty., Mary MacNeil Killinger, Executive Asst. Dist. Atty., Bruce L. Castor, Jr., First Asst. Dist. Atty., for Com.

Arthur Gutkin, Conshohocken, for Joseph Scavello.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN, and SAYLOR, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

When police are conducting a roadblock, may they stop and detain a driver simply because he has turned to avoid passing through the roadblock?

On November 23, 1993 police set up a roadblock in Montgomery County, Pennsylvania as part of a program to interdict drunk drivers. One police car was designated to stop any car which turned away from the roadblock. Appellant, who was driving toward the roadblock, saw it ahead and made a legal u-turn in order to avoid the roadblock. A state trooper gave chase and stopped appellant a short distance away from the roadblock. The trooper smelled alcohol on appellant's breath and gave him a field sobriety test. Appellant failed the test and was then arrested and taken to a testing facility where it was determined that his blood alcohol content was .102 percent.

Appellant was convicted of underage drinking and driving under the influence of alcohol. He was sentenced to thirty days to twenty-three months imprisonment and fined $300.00. He was also assessed the costs of prosecution and ordered to attend safe driving school.

On appeal to Superior Court, appellant argued that police had no reasonable suspicion to justify the traffic stop and that any evidence obtained as a result of the stop should be suppressed. Specifically, he argued that his execution of a legal u-turn to avoid the roadblock was not in itself grounds to effect the stop. There is no allegation that appellant was driving erratically or that he violated any traffic laws which would have justified a police stop of his car. The Commonwealth argued, however, that a drunken driver should not be allowed to avoid a roadblock by making a u-turn.

Superior Court disagreed, holding that

a motorist's avoidance or attempt to avoid a police roadblock must be coupled with other articulable facts in order to give a police officer reasonable suspicion that the motorist is in violation of the Vehicle Code or that criminal activity is afoot.

Accordingly, Superior Court reversed the suppression ruling and remanded for a new trial. As Superior Court pointed out, appellant made a concededly legal u-turn and was pulled over merely because he appeared to be attempting to avoid a roadblock. Because avoidance of a roadblock does not give rise to reasonable suspicion, Superior Court held that the stop was illegal and that denial of the motion to suppress was error.

The Commonwealth appealed from this determination and we granted allocatur in order to address the question of whether a motorist may be stopped for an investigatory detention merely because he has acted so as to avoid a roadblock.

The Commonwealth argues that the lower court erred for two reasons. The first is that the Motor Vehicle Code authorizes such stops without individualized suspicion of illegal activity.

75 Pa.C.S. § 6308(b) provides:

**(b) Authority of police officer.**—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has articulable and reasonable grounds to suspect

a violation of this title, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

Because the officer was engaged in a systematic program of checking vehicles, i.e., he was part of the effort to stop cars at the roadblock, the Commonwealth asserts that this activity alone provided the necessary authority for the stop. We disagree. Being engaged in a systematic program of checking vehicles is something that occurs at the roadblock; it does not occur at some other location distant from the roadblock, for at that location there is no systematic program of checking. If a stop is to be made at a location away from the roadblock, the officer may stop a vehicle, as provided for in the statute, only if he has "reasonable grounds to suspect a violation of this title."

Finally, the Commonwealth argues that avoidance of the roadblock is itself sufficient justification for the traffic stop. Again, we disagree. Although there is statutory authority in the Motor Vehicle Code at 75 Pa.C.S. § 6308(b) for police to conduct roadblocks, and although this court to date has declined to rule this practice unconstitutional, see *Commonwealth v. Tarbert*, 517 Pa. 277, 535 A.2d 1035 (1987) (plurality opinion), *Commonwealth v. Blouse*, 531 Pa. 167, 611 A.2d 1177 (1992) (implementing the guidelines set out in *Tarbert*), there is no requirement that a driver go through a roadblock.[1] Failing to go through the roadblock in and of itself, therefore, provides no basis for police intervention. However, as Superior Court points out, if police should observe a violation of the Motor Vehicle Code or have a reasonable suspicion that the vehicle which is avoiding the roadblock is involved in criminal conduct, such observation or suspicion,

---

1. We note that the constitutionality of roadblocks is not raised as an issue in this case.

which can be articulated with particularity, would be the basis for a vehicle stop.

Order of the Superior Court is affirmed.